UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

DIANA KAYE GENTRY,                 Case No. 09-36472-dof
                                                           Chapter 7 Proceeding
      Debtor.                                     Hon. Daniel S. Opperman
_____/
MICHAEL A. MASON, TRUSTEE,
and BARBARA DUGGAN,

      Plaintiffs,

v.                                                                  Adversary Proceeding
                                                                 Case No. 12-3340-dof

DIANA KAYE GENTRY,

      Defendant.
_____/

Opinion Denying Defendant's Motion to Dismiss and Motions of
Plaintiffs and Defendant for Summary Judgment and for Sanctions

Introduction

The Plaintiff, Michael Mason, is the Chapter 7 Trustee for the estate of Christopher Wyman, Case No. 12-32264 (Bankr. E.D. Mich.). Mr. Wyman is the ex-husband of the Debtor/Defendant, Diana Gentry. Barbara Duggan is a creditor of Mr. Wyman. Michael Tindall has represented Barbara Duggan in various actions and is the attorney for Mr. Mason in this adversary proceeding. The Plaintiffs filed this adversary proceeding on September 14, 2012, seeking revocation of Ms. Gentry's discharge for violations of 11 U.S.C. § 727(d)(2) and (d)(3). In response, the Defendant filed a Motion to Dismiss With Sanctions, as well as a Motion for Summary Judgment. In turn, the Plaintiffs deny that the relief sought by the Defendant should be granted and they filed a Cross-Motion for Summary Judgment and Cross-Motion for Sanctions. For the reasons stated in this Opinion, the Court denies all of the instant Motions before it in this case.

1

Facts

The Defendant, Diana Gentry, and Christopher Wyman were married for many years, but they divorced in May, 2003. The Plaintiffs allege that there were a number of transfers and transactions between Mr. Wyman and the Defendant, all of which were designed to avoid creditors of one or the other. Per the Plaintiffs' allegations, these transfers occurred after the May, 2003, Judgment of Divorce.

The Defendant filed a Petition seeking relief under Chapter 7 of the United States Bankruptcy Code with this Court on December 3, 2009. Collene Corcoran was appointed the Chapter 7 Trustee of the Defendant's bankruptcy estate and she has administered a number of assets as part of her duties in this case. Mr. Wyman filed a Petition seeking relief under Chapter 7 of the United States Bankruptcy Code on May 24, 2012, and the Plaintiff, Michael Mason, was appointed the Chapter 7 Trustee in his case. Through his investigation, Mr. Mason has concluded that either the Defendant owes Mr. Wyman money or that property of Mr. Wyman was improperly transferred to the Defendant. Mr. Mason retained Michael Tindall to represent him. Mr. Tindall also represented Barbara Duggan, a creditor of Mr. Wyman.

In order to determine whether any of Mr. Mason's or Ms. Duggan's suspicions were true, Mr. Tindall filed a series of Motions requesting that the Defendant produce documents and submit to either a 2004 examination or a deposition in an underlying state court action. The Defendant has produced documents to Mr. Tindall, but because of her cancer and the treatment for her cancer, she has been unable to sit for numerous hours to have her sworn testimony taken. As a result of the Defendant's actions and inactions, the Plaintiffs filed the instant adversary proceeding.

2

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) (objections to discharge.)

All issues before the Court arise out of Title 11 of the United States Code and do not involve issues as raised in the cases of *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

Applicable Authorities

Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b), applicable in this adversary proceeding through Federal Rule of Bankruptcy Procedure 7012, states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A motion brought under Federal Rule of Civil Procedure 12(b)(6) tests the "sufficiency of [a] complaint." *Conley v. Gibson*, 351 U.S. 41, 46 (1957). A court is asked "to examine the plaintiff's allegations and determine whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "A court considering a motion to dismiss under Rule 12(b)(6) 'must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the

3

plaintiff.'" *Benzon v. Morgan Stanley Distributors*, 420 F.3d 598, 605 (6th Cir. 2005)(*quoting Inge v. Rock. Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)(*citing Turker* v. *Ohio Dep't of Rehab. & Corr.*, 157 3d 453, 456 (6th Cir. 1998))). If "an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1120, 1138 (6th Cir. 1995). "While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997)(*quoting Allard v. Weitzman* (*In re Delorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993)(emphasis in original)).

In the last few years, in *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court revisited the standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissal motions. In doing so, the Supreme Court in *Twombly* reaffirmed the "notice pleading" standard of Federal Rule of Civil Procedure 8(a)(2) but renounced "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 560-61 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court later examined *Twombly* in the case of *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). In *Iqbal*, the United States Supreme Court held that *Twombly* applies to all civil actions and is not limited to antitrust disputes only as was the case in *Twombly*. *Iqbal*, 556 U.S. at 684, 129 S. Ct. at 1953.

<u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary

4

proceedings by Federal Rule of Bankruptcy Procedure 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

Cross-Motions for Summary Judgment

In cases in which the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law. *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463 n.6 (6th Cir. 1999). That both parties simultaneously argue there are no genuine issues of material fact does not in itself establish that a trial is not necessary, and that one party has failed to sustain its burden under Federal Rule of Civil Procedure 56 does not automatically entitle the opposing party to summary judgment. *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2720 (1998).

5

Standard Under 11 U.S.C. § 727(d)

"Revocation of a debtor's discharge is an extraordinary remedy, so § 727(d) is liberally construed in favor of the debtor and strictly construed against the party seeking revocation." *Sicherman v. Rivera (In re Rivera)*, 338 B.R. 318, 324 (Bankr. N.D. Ohio 2006) (internal quotation marks and citations omitted). "The finality of the discharge order must be given special consideration. Such an order, which is the ultimate goal of a debtor, must not be set aside merely because of ignorance of the law or carelessness of the parties." *Buckstop Lure Co. v. Trost (In re Trost)*, 164 B.R. 740, 744 (Bankr. W.D. Mich. 1994) (citation omitted).

"The elements of a violation of 11 U.S.C. § 727 must be proven by a preponderance of the evidence to merit denial of discharge." *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir.2000). "The party seeking revocation bears the burden of proof . . . ." *Sicherman v. Rivera (In re Rivera)*, 338 B.R. 318, 324 (Bankr. N.D. Ohio 2006) (internal quotation marks and citations omitted), aff'd, 356 B.R. 786 (B.A.P. 6th Cir. 2007). "[A] debtor's discharge may only be denied or revoked for those reasons clearly expressed by statute . . . ." *In re Sayre*, 321 B.R. 424, 429 (Bankr. N.D. Ohio 2004).

11 U.S.C. § 727(d)(2) provides:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if - . . . (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

> Under § 727(d)(2), a debtor's bankruptcy discharge will be revoked if the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender

such property to the trustee [.] A reading of this section thus shows that a party moving to revoke a debtor's bankruptcy discharge must establish the existence of two elements: (1) the debtor acquired or became entitled to property of the estate; and (2) the debtor knowingly and fraudulently failed to report or deliver this property to the trustee.

*Sicherman v. Rivera (In re Rivera)*, 338 B.R. 318, 325 (Bankr. N.D. Ohio 2006) (internal quotation marks and citations omitted).

11 U.S.C. § 727(d)(3) states that a discharge shall be revoked if:

(3) the debtor committed an act specified in subsection (a)(6) of this section;

In turn, 11 U.S.C. § 727(a)(6)(A) states:

(a) The court shall grant the debtor a discharge, unless (*) –

. . .
    (6) the debtor has refused, in the case –

        (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

        (B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

        (C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

Analysis

The Defendant first argues that the service of the Complaint was improper and, therefore, constitutes insufficiency of service of process for purposes of her Motion to Dismiss. The Defendant's Motion does not supply a clear basis for their assertion and the review of the Court file in this case does not supply any basis to doubt or question that the Plaintiffs properly served the Defendant. Absent any factual record supporting her contention that service was insufficient, the

Court denies the Federal Rule of Civil Procedure 12(b)(5) Motion.

The Plaintiffs next assert that the Defendant lacks standing to bring an action under 11 U.S.C. § 727. In response, the Plaintiffs point to a number of transactions that occurred in 2003 and thereafter that the Plaintiffs contend support an assertion that Mr. Wyman is owed money by the Defendant or that the Defendant has property of Mr. Wyman. Given Mr. Wyman's subsequent Chapter 7 petition, Mr. Mason, as Trustee for this estate, stands in the shoes of Mr. Wyman to make such claims.

11 U.S.C. § 727 allows a creditor to file an action to object to or revoke a discharge. In a case with similar facts, Judge Rhodes held that a Chapter 7 Trustee had sufficient standing to object to another debtor's discharge. *In re Barman*, 244 B.R. 896 (Bankr. E.D. Mich. 2000). In *Barman*, the Chapter 7 trustee for Harold and Evelyn Barman, the parents of Norman Barman, objected to and sought denial of Mr. Barman's discharge. In facts similar to those alleged in this case, the parents' trustee claimed that there were certain preference and fraudulent conveyance claims against the debtor. As such, the trustee for the parents was held to be a creditor and, therefore, had sufficient standing.

In this case, with these facts, at this time, the Court reaches the same conclusion. The Defendant's Motion to Dismiss for lack of standing of Mr. Mason is denied.

The claims of Ms. Duggan are more problematic because Ms. Duggan is a creditor of Mr. Wyman, but there is no evidence, at this time, that Ms. Gentry owes Ms. Duggan anything. On the other hand, both Plaintiffs alleged that Ms. Gentry does have property of Mr. Wyman or owes Mr. Wyman money, either of which could be used to pay Ms. Duggan. While not as direct as the relationship in *Barman*, the Court concludes that with this record at this early procedural stage,

neither dismissal or summary judgment is appropriate.

The Defendant next argues that the Plaintiffs fail to allege sufficient facts to support their Complaint, either under Federal Rule of Civil Procedure 12(b) or 56. After applying the standards set for this Court in *Twombly* and *Iqbal*, supra., the Court concludes that the Plaintiffs have pled with sufficient detail allegations supporting a possible reason to deny the Debtor a discharge. Likewise, given that there has been no discovery in this case, the Court is not in a position to conclude that there is no genuine issue of material fact to warrant summary judgment in favor of the Defendant. Accordingly, the Defendant's Motion for Summary Judgment is denied.

Turning to the Plaintiffs' Cross-Motion for Summary Judgment, the Plaintiffs make a series of detailed allegations, supported by portions of sworn testimony, to support their request for summary judgment. Although quite detailed, the fact that the Defendant has not been allowed the opportunity to take discovery or file detailed counter-affidavits, compels this Court to deny the Plaintiffs' Cross-Motion for Summary Judgment.

The Court reaches this conclusion in part because the posture of the case demands it and because the nature of the remedies requested by the Plaintiffs is extreme. The major goal of a Chapter 7 debtor is to obtain a discharge and the granting, denying, or revoking of the discharge is not taken lightly. Moreover, the fact that the Debtor was being treated for cancer during part of the time period involved here compels this Court to not summarily grant the relief requested by the Plaintiffs. Many of the elements of the Plaintiffs' case require the Court to delve into the intent and knowledge of the Debtor. This investigation is often fact intensive, and the granting of summary judgment is not appropriate until the parties have at least had an opportunity to conduct full and complete discovery.

Finally, all parties seek sanctions under Federal Rule of Bankruptcy Procedure 9011. Taking into consideration all factors, including the procedural infirmities of each parties' request, and the early nature of this case, the Court is hesitant to award sanctions in this case with this record.

For these reasons, the Court denies both the Plaintiffs' and the Defendant's request for sanctions.

Not for Publication

**Signed on March 15, 2013**

                                                  **/s/ Daniel S. Opperman**
                                                  **Daniel S. Opperman**
                                                  **United States Bankruptcy Judge**